IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY W. HUDSON, | § | |
| HC SPN 00029917, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2668 |
| | § | |
| HARRIS COUNTY SHERIFF'S | § | |
| DEPARTMENT, | § | |
|     Defendant. | § | |

OPINION ON DISMISSAL

Plaintiff Jerry W. Hudson, an inmate at the Harris County, Texas, Jail, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that during his two years in the Harris County Jail, his body has deteriorated because of a staph infection that he caught as a result of poor air ventilation and waste elimination in the jail. Plaintiff indicates that he did not file administrative grievances with the Harris County Jail complaining of his medical condition and the conditions of confinement. (Docket Entry No.1).

Section 1997(e) of 42 United States Code, as amended by the Prison Litigation Reform Act, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e); *Booth v. Churner*, 532 U.S. 731 (2001) (exhaustion requirement applies to cases where inmate also seeks monetary damages). The Harris County, Texas Jail currently provides for a grievance procedure for presenting administrative grievances.

Because plaintiff did not exhaust the administrative remedies available to him, his complaint is DISMISSED without prejudice pursuant to 42 U.S.C. § 1997e. Plaintiff's application to proceed *in forma pauperis* (Docket Entry No.2) is DENIED.

The Clerk will provide a copy of this Order to plaintiff.

SIGNED at Houston, Texas on 14th day of September, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE